## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ERIC BROWNLOW,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-00392-N** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Social Security Claimant/Plaintiff Eric Brownlow has brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*., and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.   With the consent of the parties (*see* Doc. 18), the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.  (*See* Doc. 19).

Upon consideration of the parties' briefs (Docs. 13, 14, 15) and the administrative record (Doc. 12) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])"),[1] the Court finds that the Commissioner's decision is

---

[1] With the Court's consent, the parties jointly waived the opportunity for oral argument. (*See* Docs. 17, 20).

due to be **REVERSED** and **REMANDED**.

## I.   Background

On April 12, 2012, Brownlow filed applications for DIB and SSI with the Social Security Administration ("SSA"),[2] both alleging disability beginning on that date.[3]   (R. 91).   After his applications were initially denied, Brownlow requested a hearing, which was held before an Administrative Law Judge ("ALJ") for the SSA on August 22, 2013.  (R. 91).  On December 20, 2013, the ALJ issued an unfavorable decision on Brownlow's applications, finding him "not disabled" under the Social Security Act.  (*See* R. 88 – 97).

Brownlow requested review of the ALJ's decision by the Appeals Council for the SSA's Office of Disability Adjudication and Review, also submitting new evidence for the Council's consideration.   The Commissioner's decision on Brownlow's applications became final when the Appeals Council denied Brownlow's request for review on June 9, 2015.  (R. 1 – 6).  On August 6, 2015, Brownlow filed this action under §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's

---

[2] The Social Security Act's general disability insurance benefits program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income is a separate and distinct program.   SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C).

[3] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file.  20 C.F.R. § 416.202–03 (2005).   For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured.  42 U.S.C. § 423(a)(1)(A) (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

final decision.  (Doc. 1).   *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.   <u>Standard of Review</u>

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is  ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' "  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))).  However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' "

3

*Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))).  " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons.  [The court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted).  "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Moreover, "[t]here is no presumption…that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid. Instead, [the court] conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)) (internal citation omitted).  In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon

which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").  " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. Feb. 11, 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014).  *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although the "claimant bears the burden of demonstrating the inability to return to [his or] her

---

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.  In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

"When no new evidence is presented to the Appeals Council and it denies review, then the administrative law judge's decision is necessarily reviewed as the final decision of the Commissioner, but when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

### III.    Claims on Judicial Review

1. "The ALJ failed in developing a full and fair record" by relying on an incomplete consultative examiner's report.

2. "The ALJ's residual functional capacity assessment is not supported by substantial evidence" because the ALJ failed to properly consider the opinion of treating physician Dr. Maxwell.

3. "The ALJ erred in not including a statement of Mr. Brownlow's pain and its functional effects, and the ALJ's statement of Mr. Brownlow's credibility did not comply with the requirements of SSR 96-7p. "

4. "The Appeals Council failed to adequately examine the additional evidence

submitted to it on behalf of Mr. Brownlow."

(Doc. 14 at 2).

# IV.   <u>Analysis</u>

At Step One, the ALJ determined that Brownlow was insured through June 30, 2015, and had "not engaged in substantial gainful activity since April 12, 2012, the alleged disability onset date…" (R. 93). At Step Two, the ALJ determined that Brownlow had the following severe impairments: cataract in right eye and recurrent iritis in right eye. (R. 93). At Step Three, the ALJ found that Brownlow did not have an impairment or combination of impairments that meets or equals the severity of one of the specified impairments in the relevant Listing of Impairments. (R. 94).

At Step Four,

the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).

If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant

medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Brownlow had the RFC "to perform a full range of work at all exertional levels but he can perform no work requiring binocular vision, he has sufficient visual acuity to handle and work with large objects and he can avoid workplace hazards." (R. 94). Based on this RFC, the ALJ determined that Brownlow was unable to perform any past relevant work. (Doc. 96). At Step Five, the ALJ then determined that there exist significant numbers of jobs in the national economy that Brownlow can perform given his RFC, age, education, and work experience – specifically, bundler, carton filler, and handler. (R. 96 – 97). Thus, the ALJ found that Brownlow was not disabled under the Social Security Act. (R. 97).

### A.     Claim 1 ("Incomplete" Consultative Examination)

At the Commissioner's request, Dr. Ronnie Chu performed a consultative evaluation of Brownlow and submitted a report of his findings (R. 293 – 298 [SSA Ex. 5F]). On the final page of his report, Dr. Chu noted: "The patient went to Hale County clinic on January 3, 2012 and was diagnosed with right eye conjunctivitis. Patient had follow up with Dr. Maxwell approximately two months afterwards and was diagnosed with cataracts. In order to be able to make a final determination of disability, I need to have the notes from Dr. Maxwell's office." (R. 296). Brownlow, noting that "[t]here is no indication in the record that Dr. Chu was ever provided

with those records, nor is there any evidence Dr. Chu ever provided a final determination for disability[,]" asserts that the ALJ failed in her duty "to conduct a full and fair hearing" by rendering a decision without allowing additional time for Dr. Chu could obtain the additional records and provide a disability determination. (*See* Doc. 14 at 2 – 4).

" '[T]he ALJ has a basic obligation to develop a full and fair record,' *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), which requires him to 'order a consultative examination when such an evaluation is necessary for him to make an informed decision,' *Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988) (internal quotation marks omitted)." *Johnson v. Comm'r, Soc. Sec. Admin.*, 618 F. App'x 544, 551 (11th Cir. July 9, 2015) (per curiam) (unpublished). "Failure to fulfill this duty, however, only necessitates a remand if 'the record reveals evidentiary gaps which result in unfairness or clear prejudice.' " *Childers v. Soc. Sec. Admin., Com'r*, 521 F. App'x 809, 815 (11th Cir. June 6, 2013) (per curiam) (unpublished) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)). Here, Brownlow argues that Dr. Chu's consultative evaluation was incomplete because he was not given time to "make a final determination of disability." However, as the Commissioner correctly notes, "determination of disability" is an issue reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (opinions that a claimant is disabled "are not medical opinions, … but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that

would direct the determination or decision of disability"). An opinion regarding whether a claimant is disabled, even from a treating medical source, is "never entitled to controlling weight or special significance." SSR 96-5P, 1996 WL 374183 (S.S.A. July 2, 1996).[6] Thus, the ALJ did not need a "final determination of disability" from Dr. Chu prior to rendering a decision.[7] Moreover, the ALJ expressly

---

[6] While SSR 96-5P also states that such opinions "must never be ignored," an ALJ is only required to "explain the consideration given to" opinions on issues reserved for the Commissioner when they are from treating sources, which Dr. Chu was not. Thus, even if Dr. Chu had provided a "final determination of disability," the ALJ would not have been required to expressly address it in her opinion.

[7]     As the Commissioner correctly notes, a consultative examiner's failure to provide a medical opinion does not render his report incomplete. *See* 20 C.F.R. §§ 404.1519n(c)(6), 416.919n(c)(6) ("Although we will ordinarily request, as part of the consultative examination process, a medical source statement about what you can still do despite your impairment(s), the absence of such a statement in a consultative examination report will not make the report incomplete.").

       Brownlow also asserts that the ALJ's failure to provide Dr. Chu additional records violates the Commissioner's own policies regarding consultative examinations set forth in section II-4-1-2 of the SSA's Hearings, Appeals and Litigation Law Manual ("HALLEX"), 1996 WL 1586732, at *3 ("We will also give the examiner any necessary background information about the individual's condition unless the examiner already has the background information because he or she is a treating source."). HALLEX is an SSA internal manual that "does not carry the authority of law." *E.g., Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). There is a circuit split over whether the Commissioner's failure to follow HALLEX procedures can constitute reversible error, though it appears the Fifth Circuit is currently the only circuit to hold that it can. *Compare, e.g., Morgan v. Colvin*, 803 F.3d 773, 777 (5th Cir. 2015) ("Under our binding precedent, Social Security administrative hearings must follow their own policies. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) … While other courts have held HALLEX not binding on the Commissioner, the Fifth Circuit utilizes the following stringent standard: 'while HALLEX does not carry the authority of law, ... "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required," ' and '[i]f prejudice results from a violation, the result cannot stand.' *Newton*, 209 F.3d at 459."), *with Roberts v. Comm'r of the Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011) ("HALLEX … does not 'carry the force of law and [is] not binding upon the agency.' *Parra v. Astrue,* 481 F.3d 742, 749 (9th Cir. 2007). Therefore, we do not 'review allegations of non-compliance with [its] provisions.' *Id.*"). *See also Davenport v. Astrue*, 417 F. App'x 544, 547 (7th Cir. Mar. 30, 2011) (per curiam) (unpublished) ("Circuits are split over whether the HALLEX creates enforceable rights." (citing Second, Sixth, Ninth, and D.C. Circuit authority as holding it does not, and only Fifth Circuit authority as holding that it does)). Nevertheless, the Fifth Circuit still requires a showing of prejudice for a

considered the objective medical evidence in Dr. Chu's report  (*see* R. 94 – 95 (citing

SSA Ex. 5F) and Dr. Maxwell's treatment notes and medical opinion in rendering

her determination of disability (*see* R. 95 (citing SSA Exs. 3F and 10F)).

Accordingly,  the  Court  **OVERRULES**  Brownlow's  assertions  of  error  in

Claim 1.

## B.    Claim 2 (Dr. Maxwell's Opinion)

Among  the  evidence  considered  by  the  ALJ  was  a  medical  opinion  from

treating  physician  Dr.  Leroy  Maxwell  dated  October  10,  2013  (R.  323  [SSA  Ex.

10F]), which the ALJ considered as follows:

> [Dr.] Maxwell ... stated ... that binocular vision would be absent until
> corrective surgery (Exhibit 10F).  Yet, he indicated the condition would
> be resolved within two weeks of the procedure.  I afford good weight to
> the  opinions  of  Dr.  Maxwell,  as  his  opinions  are  consistent  with  the
> claimant's reported difficulties.

(R. 95).

Brownlow  asserts  in  Claim  2  that  the  ALJ  impermissibly  ignored  a

"significant portion of Dr. Maxwell's opinion" (Doc. 14 at 5) – specifically, the fact

that,  in  response  to  Question  1  of  the  opinion  form,  asking  "What  is  the  major

---

HALLEX violation to constitute reversible error.  *See Newton*, 209 F.3d at 459.

Though the Eleventh Circuit does not appear to have specifically addressed a claim involving the Commissioner's application of HALLEX, it has rejected a similar claim involving another SSA internal document, its Program Operations Manual System.  *See Wells v. Comm'r of Soc. Sec.*, 430 F. App'x 785, 786-87 (11th Cir. June 15, 2011) (per curiam) (unpublished) ("In this case, the Administrative Law Judge's ... decision was based on proper legal standards because he correctly concluded that the POMS does not have the force of law and, therefore, the Commissioner's alleged failure to adhere to the POMS does not entitle Wells to child's insurance benefits ... [B]ecause the POMS does not have the force of law and a violation of the SSA's internal guidelines does not entitle Wells to the relief she seeks, we need not address whether the Commissioner adhered to the POMS."). Considering the reasoning of *Wells* and the greater weight of current circuit authority, the Court declines to consider any claim of error in the Commissioner's application of HALLEX.

illness, injury, or condition that keeps the patient from working," Dr. Maxwell wrote, "Traumatic iritis, right eye with Bombay pupil and hypermature traumatic cataract." (R. 323). Because the ALJ's "decision is absolutely silent concerning Dr. Maxwell's opinion regarding Mr. Brownlow's inability to work due to the conditions listed, including pain[,]" Brownlow asserts that reversal is required.[8] (Doc. 14 at 5).

In response to Question 1 on the opinion form, Dr. Maxwell listed recurrent painful iritis in the right eye and bacterial conjunctivitis in both eyes as "the major

---

[8] Brownlow purports to quote *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992), for the proposition that " 'an ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion with articulating specific, well supported reasons for crediting some evidence while discrediting other evidence.' " (Doc. 14 at 6). No such quotation is found in *Marbury*. The undersigned, however, has previously noted:

> "Inherent in the judging function of an ALJ is the need to weigh and evaluate the range of medical opinions appearing in the record." *Lawrence v. Astrue,* No. 5:12cv148/CJK, 2013 WL 359540, at *7 (N.D. Fla. Jan. 30, 2013). Thus, "an ALJ may not simply pick and choose among medical evidence without explanation." *Id.* ...
>
> Moreover, medical opinions are generally multifaceted. And, in the course of determining a plaintiff's residual functional capacity ("RFC"), an ALJ may choose to accept come conclusions-or recommended related restrictions-made within an opinion while rejecting others. If such a choice is made, in addition to explaining the overall weight given to a particular medical opinion, the ALJ also must explain " 'with at least some measure of clarity the grounds for [a] decision' " to adopt particular aspects of a medical opinion. *Winschel,* 825 F.3d at 1179 (quoting *Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir. 1984)). Any failure to explain his or her rationale in this regard will result in a reviewing court "declin[ing] to affirm 'simply because some rationale might have supported the ALJ's conclusion.' " *Id.*
>
> Picking some restrictions while rejecting others ***without explanation*** is clearly grounds to find that an ALJ's decision is not supported by substantial evidence and, therefore, order that it be remanded for further consideration. [collecting cases]

*Smith v. Colvin*, Civil Action No 2:13-00275-N, 2014 WL 518057, at *3 (S.D. Ala. Feb. 10, 2014).

illness, injury, or condition that keeps the patient from working." (R. 323). In response to Question 2, asking "[w]hat is the estimated time frame that you expect the patient to be unable to work," Dr. Maxwell responded: "Within 2 wks when eye condition is resolved after treatment." (R. 323). Immediately following that statement, Dr. Maxwell also noted: "However, binocular vision will be absent until mature cataract is extracted, rt. eye." (R. 323).

As the Commissioner correctly notes, the ALJ found at Step Two that Brownlow's "recurrent iritis in right eye" was a severe impairment (*see* R. 93). At Step Four, the ALJ also correctly paraphrased Dr. Maxwell's statement regarding Brownlow's binocular vision in response to Question 2, noting that "binocular vision would be absent until corrective surgery…" (R. 95). The ALJ then followed that statement with the following: "Yet, [Dr. Maxwell] indicated the condition would be resolved within two weeks of the procedure." (R. 95).

The Court concedes that the ALJ's paraphrasing of Dr. Maxwell's opinion at Step Four is ambiguous, as it could be read as identifying Brownlow's lack of binocular vision, rather than his iritis and conjunctivitis, as "the condition" that "would be resolved within two weeks of the procedure." (R. 95). At most, however, this is harmless error, as the ALJ's decision adequately took into account, and gave "good weight" to, the ultimate thrust of Dr. Maxwell's opinion: that "the major illness, injury, or condition that keeps [Brownlow] from working" would only render Brownlow "unable to work" for an estimated two weeks after the "condition is

resolved after treatment."[9]  The Court finds that the ALJ sufficiently considered Dr. Maxwell's opinion.  *Cf. Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 843 (11th Cir. Mar. 19, 2014) (unpublished) ("Mr. Griffin's argument about his tinnitus rests largely on the ALJ's statement regarding his visits with Dr. Lakdawala.  It is true that the ALJ erred in stating that Mr. Griffin only consulted with Dr. Lakdawala once during the relevant time period.  However, the record demonstrates that the ALJ considered all of Dr. Lakdawala's medical notes.  Specifically, the ALJ noted that Mr. Griffin complained about insomnia, depression, and lack of motivation, which were complaints that Mr. Griffin raised on several occasions with Dr. Lakdawala. Thus, the ALJ's mistake appears to be harmless." (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983))); *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal.  In conducting our review, we should, indeed must, exercise common sense ... [W]e cannot insist on technical perfection.").[10]

Accordingly,  the  Court  **OVERRULES**  Brownlow's  assertions  of  error  in

---

[9] Thus, this case is distinguishable from *Frazier v. Colvin*, No. 1:14CV376-WC, 2015 WL 2095705 (M.D. Ala. May 5, 2015) (slip copy), cited by Brownlow in support of Claim 2.  In *Frazier*, the court found reversible error where the ALJ assigned "significant weight" to a treating physician's multi-faceted opinion without addressing certain limitations within that opinion that were inconsistent with the ALJ's RFC determination.  *See* 2015 WL 2095705, at *3-4.

[10] Brownlow also essentially restates in Claim 2 his argument from Claim 1 that the ALJ erred in relying on Dr. Chu's "incomplete" report, which the Court **OVERRULES** for the same reasons Claim 1 was overruled.

Claim 2.

## C.    Claim 3 ("Pain Standard")

When a claimant attempts to establish disability through her own testimony about her subjective symptoms, a three-part "pain standard" applies. *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.* If the ALJ determined that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms, then the ALJ evaluates the extent to which the intensity and persistence of those symptoms limit her ability to work. 20 C.F.R. § 404.1529(b). At this stage, the ALJ considers the claimant's history, the medical signs and laboratory findings, the claimant's statements, statements by treating and nontreating physicians, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* § 404.1529(a).

A claimant's testimony supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995). If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ "must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires ... that the testimony be accepted as true." *Id.* at 1561–62.

*McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 893 (11th Cir. Sept. 24, 2014) (per curiam) (unpublished).[11]  "Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence."

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

---

[11] "Under Social Security regulations, the ALJ follows a two-step analysis in considering a claimant's complaints: first, determining whether there is an underlying medically determinable impairment that could reasonably be expected to cause the claimant's pain or other symptoms; and second, once a claimant has established an impairment that could reasonably produce her symptoms, the ALJ evaluates the intensity and persistence of the symptoms and their effect on the claimant's work." *Powell v. Comm'r of Soc. Sec.*, 571 F. App'x 914, 916 (11th Cir. July 11, 2014) (per curiam) (unpublished) (citing 20 C.F.R. § 416.929(a), (c)).

> "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir.1995) … "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable … this Court to conclude that the ALJ considered [the] medical condition as a whole." *Dyer*[ *v. Barnhart*], 395 F.3d [1206,] 1210[ (11th Cir. 2005)] (quotations and alterations omitted).

*Iordan v. Comm'r, Soc. Sec. Admin.*, 579 F. App'x 775, 778 (11th Cir. Sept. 2, 2014) (per curiam) (unpublished). *See also Foote*, 67 F.3d at 1562 (" 'Although this circuit does not require an explicit finding as to credibility, … the implication must be obvious to the reviewing court.' " (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (per curiam)). Nevertheless, "[t]he failure to articulate reasons for discrediting a claimant's subjective testimony [only] becomes grounds for remand where credibility is critical to the outcome of the case." *Griffin*, 560 F. App'x at 842 (citing *Foote*, 67 F.3d at 1562). *Accord Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 832 (11th Cir. Apr. 11, 2013) (per curiam) (unpublished) (same); *Iordan*, 579 F. App'x at 778 ("The ALJ must 'articulate specific reasons for questioning the claimant's credibility' if subjective symptom testimony is 'critical' to the claim." (quoting *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam))).

Here, the ALJ summarized Brownlow's subjective testimony as follows: "The claimant testified that he began having problems with his eyes approximately one year ago. He related he needed cataract surgery on his right eye and that he had pain in his eyes. He indicated that his vision problems resulted in headaches. He stated he was not able to see out of his right eye. He rated his pain level in his eyes as an eight on a zero to ten-point pain scale." (R. 95). The ALJ determined, "after

careful consideration of the evidence, … that the claimant's medically determinable impairments could reasonably be expected to cause some symptoms; however, the intensity, persistence, and limiting effects of these symptoms are not disabling in nature." (Doc. 95).[12] Brownlow argues that the ALJ gave short shrift to his testimony of pain in favor of focusing on his vision loss. The Commissioner concedes that "the ALJ's discussion is admittedly brief" (Doc. 15 at 7) but nevertheless asserts that she properly applied the standard and that her decision is supported by substantial evidence.

Initially, it appears that the ALJ did not actually discredit any of Brownlow's subjective testimony, but instead simply determined that "the intensity, persistence, and limiting effects of these symptoms" to which Brownlow testified "are not disabling in nature." (R. 95). However, it is unclear how the ALJ reached this determination with regards to Brownlow's testimony of pain. The ALJ's discussion of the record evidence at Step Four following her credibility assessment appears to focus exclusively on Brownlow's loss of binocular vision, with no clear

---

[12] Brownlow also argues that the ALJ failed to sufficiently articulate her application of the pain standard, faulting her for "not once mention[ing] this Circuit's three-part pain standard as set forth in *Wilson v. Barnhart*." (Doc. 14 at 7). While true that the ALJ's decision does not expressly reference *Wilson* or use the term "pain standard," the ALJ prefaced her analysis of the evidence at Step Four by referencing 20 C.F.R. §§ 404.1529 and 416.929 and substantially articulating the standard. *See* (R. 94 – 95); *Wilson*, 284 F.3d at 1225-26 ("Although the ALJ does not cite or refer to the language of the three-part test … , his findings and discussion indicate that the standard was applied. Furthermore, the ALJ cites to 20 C.F.R. § 404.1529, which contains the same language regarding the subjective pain testimony that this Court interpreted when initially establishing its three-part pain standard ... In citing to § 404.1529 and based on the findings and discussion, it is clear that the ALJ applied this Circuit's pain standard."); *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. June 6, 2013) (per curiam) (unpublished) ("[T]he ALJ does not have to recite the pain standard word for word; rather, the ALJ must make findings that indicate that the standard was applied."). Thus, the Court **OVERRULES** this assertion of error.

discussion of the evidence as it related to Brownlow's allegations of pain.  (*See* R. 95
– 96 ("Ultimately, the totality of the evidence reflects that the claimant has a loss of
binocular vision due to cataract in the right eye that could be corrected with
surgery.  Yet, the record establishes that the claimant's current vision in the left eye
is ostensibly normal, which would allow him to handle and work with large objects
and he can avoid workplace hazards.")).

The ALJ's paraphrasing of Dr. Maxwell's opinion that "the condition would be
resolved within two weeks of the procedure" is the only statement in her opinion
that could arguably be read as discussing the record medical evidence as it related
to Brownlow's pain.  As discussed previously, Dr. Maxwell's opinion, which the ALJ
gave "good weight," stated that painful iritis and bacterial conjunctivitis were
Brownlow's disabling impairments, which supports Brownlow's testimony of
disabling eye pain.   Dr. Maxwell did also note that these impairments could be
resolved by treatment, which would normally support a finding of "not disabled" by
the Commissioner.  *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)
("The regulations provide that refusal to follow prescribed medical treatment
without a good reason will preclude a finding of disability.  *See* 20 C.F.R. §
416.930(b).  A medical condition that can reasonably be remedied either by surgery,
treatment, or medication is not disabling.  In order to deny benefits on the ground of
failure to follow prescribed treatment, the ALJ must find that had the claimant
followed the prescribed treatment, the claimant's ability to work would have been
restored."   (some citations and quotation omitted)).   However, the ALJ also

expressly noted that Brownlow "was recommended to have the cataract removal surgery" but "was not financially able to afford this procedure…" (R. 95). In this Circuit, "poverty excuses noncompliance. Thus while a remediable or controllable medical condition is generally not disabling, when a claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Dawkins*, 848 F.2d at 1213 (citations and quotation omitted). "The problem with this case is that it is unclear from the ALJ's opinion whether or not [s]he based h[er] determination that [Brownlow] was not entitled to benefits[ for his subjective complaints of pain] on [his] failure to follow prescribed medical treatment." *Id.* at 1213-14.

"[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam) (citing *Dawkins*, 848 F.2d at 1214)). Here, the Court is unable to discern from the ALJ's decision why she found Brownlow's subjective complaints of "8 out of 10" eye pain and headaches were "not disabling in nature," other than the ALJ's noting that Brownlow's disabling impairments were treatable.[13] Given that the ALJ had determined eye pain (i.e. "recurrent iritis in right eye") to be a severe impairment at Step Two, her failure to adequately state reasons for rejecting Brownlow's

---

[13] *Cf. Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 802 (11th Cir. Apr. 3, 2008) (per curiam) (unpublished) (noting that a pain scale score of 8 out of 10 "would strengthen Smith's contention that the new evidence showed she was disabled").

subjective pain testimony is particularly glaring.

Thus, the Court **SUSTAINS** Brownlow's assertion of error in Claim 3 and will "reverse … and remand with instructions … for determination by the ALJ as to whether [Brownlow] is disabled[ due to his subjective complaints of pain], without reference to h[is] failure to follow prescribed medical treatment.   If the ALJ determines that [Brownlow] is disabled, the ALJ must then determine whether or not [Brownlow] is in fact unable to afford the medicine and other treatment h[is] doctors have prescribed.   If the ALJ finds that [Brownlow] is disabled and cannot afford the prescribed treatment, then []he is excused from not complying and []he is entitled to benefits." *Dawkins*, 848 F.2d at 1214 (footnotes omitted).  "The burden of producing evidence concerning unjustified noncompliance is on the" Commissioner. *Id.* n.8.  "[I]f there are no reasons for discrediting [Brownlow]'s testimony[ of eye pain] unrelated to h[is] noncompliance, Brownlow would be disabled and entitled to benefits."  *Id.* at 1214 n.7.

### D.     Claim 4 (New Evidence to Appeals Council)

Brownlow's final claim of error asserts that the Appeals Council impermissibly failed to consider new evidence before denying review of the ALJ's decision.

> "With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council.  *Ingram v. Comm'r of Soc., Sec. Admin.,* 496 F.3d 1253, 1261 (11th Cir. 2007).  The Appeals Council has the discretion not to review the ALJ's denial of benefits.  *See* 20 C.F.R. § 416.1470(b). But the Appeals Council "must consider new, material, and chronologically relevant evidence" that the claimant submits. *Ingram,* 496 F.3d at 1261; *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b).

*Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (per curiam). "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is subject to judicial review … [W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.* at 1321 (quotation omitted).

Because Brownlow's DIB and SSI applications are being remanded for a new decision, *see supra*, the Court need not determine whether the Appeals Council's failure to consider the new evidence was reversible error. Accordingly, the Court declines to address Claim 4.

## V.     Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision issued June 9, 2015, denying Brownlow's applications for DIB and SSI benefits is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings consistent with this decision. This remand under sentence four of § 405(g) makes Brownlow a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

Under Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Brownlow's counsel an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days after receipt of a notice of award of benefits from the Social Security Administration. *See Bergen v. Comm'r*

*of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 29th day of February 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**